UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERSCHEL V. ANDREWS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0630-B |
| | § | |
| WAL-MART STORES, INC. d/b/a | § | |
| SAM'S CLUB a/k/a SAM'S EAST, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wal-Mart Stores, Inc.'s (Wal-Mart or Defendant) Motion to

Dismiss. Doc. 7. For the following reasons, Defendant's Motion is **GRANTED**.

## I.

## BACKGROUND

Plaintiff Herschel V. Andrews, Jr. (Andrews or Plaintiff) sued Wal-Mart for: (1) a violation

of the Equal Protection Clause of the 14th Amendment to the United States Constitution; (2) a

violation of 42 U.S.C. § 1983; and (3) a civil conspiracy claim. Doc. 3, Pl.'s Original Compl. ¶¶ 6–8.

The allegations stem from an unrelated state lawsuit filed by the State of Texas through its Attorney

General in the 345th District Court of Travis County, Texas. *Id.* ¶ 4. There, Andrews is accused of

allegedly failing to pay an estimated $ 1,660,000 in excise, sales and use taxes. *Id.* Andrews connects

this state law case to Wal-Mart because he believes the Texas Attorney General based his allegations

partly upon "educated guesses or contaminated documents" from Sam's Club, a Wal-Mart subsidiary.

*Id.* According to Andrews, the documents used by the Attorney General reveal inflated purchases

made by Andrews from Sam's Club. *Id.*

 To prepare his state court defense, Andrews requested copies of all of his purchases made from a specific Sam's Club during the relevant years. *Id.* Sam's Club managers refused that request. *Id.* Andrews then attempted but failed to contact Wal-Mart's corporate office. *Id.* Andrews believes that the only way to disprove the Texas Attorney General's allegations is with invoices and receipts from the Sam's Club store. *Id.* ¶ 8. Thus, Wal-Mart's refusal to produce the requested documents forms the basis of Andrews's complaint.

 Wal-Mart moved to dismiss Andrews's Original Complaint for failing to state a claim upon which relief can be granted. Doc. 7, Def.'s Mot. to Dismiss. After Wal-Mart filed its Motion to Dismiss, Andrews attempted to file an Amended Complaint to address some of Wal-Mart's concerns. Doc. 9, Pl.'s Am. Compl. The Court, however, struck that complaint because it did not conform to Federal Rule of Civil Procedure 15(a). Doc. 10, Order Striking Pleading. Andrews has not attempted to obtain Wal-Mart's written consent or leave from the Court to file another amended complaint, so the Court will consider only the Original Petition in ruling on the Motion to Dismiss.

## II.

### LEGAL STANDARD

 Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)

(quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

Wal-Mart seeks dismissal of Plaintiff's entire Petition. Doc. 7, Def.'s Mot. to Dismiss. The Court addresses each of Plaintiff's individual claims in turn.

*A. Violation of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution*

Andrews asserts in his Original Petition that Wal-Mart's refusal to produce documents violates his Equal Protection rights under the Fourteenth Amendment. Doc. 3, Original Compl. ¶ 6. Andrews contends that Wal-Mart had a legal obligation to turn over documents due to Andrews's

capacity as a customer requesting documents relating to his own purchases. *Id.* He also asserts that Wal-Mart has a history of discrimination against African-American males. Doc. 3, Original Compl. ¶ 7. Wal-Mart argues that because it is not a state actor, a claim for relief under the Fourteenth Amendment is impossible. Doc. 8, Def.'s Br. ¶ 3. The Court agrees with Defendant.

The Fourteenth Amendment applies only to state action, and it cannot be used as a shield against "merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). As Andrews's allegations are based upon the conduct of Wal-Mart, a private corporation, his claim for relief under the Equal Protection Clause is not plausible and therefore does not meet the required pleading standard.

*B. Violation of 42 U.S.C. § 1983*

Andrews also asserts that Wal-Mart's refusal to produce documents is a violation of 42 U.S.C. § 1983 as it denied him his Equal Protection rights. Doc. 3, Original Compl. ¶ 6. Relatedly, Andrews alleges that Wal-Mart and the Texas Attorney General are in a civil conspiracy; in his pleading Andrews offers only that "Wal-Mart and Sam's are in a conspiracy with the Texas Attorney General by refusing to grant [P]laintiff his request for documents." Doc. 3, Original Compl. ¶ 8.[1] Wal-Mart asserts that relief is impossible on the face of the complaint because it is a private entity that acted in its individual capacity. Doc. 8, Def.'s Br. ¶ 6. Again, the Court agrees with Defendant.

Section 1983 can be applied only to individuals who act "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. Generally,

---

[1]It is unclear whether Andrews intended his civil conspiracy allegation to solely support his § 1983 claim or as an additional, stand-alone claim; the Court will treat it as if Andrews intended both purposes.

then, a suit under § 1983 cannot be brought against a private entity acting in its private capacity. A non-state, or private actor can, however, be held liable under a § 1983 cause of action if the actor engaged in "a conspiracy with state actors to violate [claimant's] constitutional rights." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008).

Andrews does not allege Wal-Mart acted under the "color" of the law. *See* Doc. 3, Original Compl. It is clear from the face of the complaint that Wal-Mart is a private company, and its decision regarding the provision of documents was not done under the "color" of the law, but rather in its private capacity. Even though it is possible for a non-state actor such as Wal-Mart to be held liable under a § 1983 claim, Andrews's conclusory allegation that Wal-Mart conspired with the Texas Attorney General is insufficient. Andrews offers no specific facts in support of his theory and as such, no reasonable inference can be drawn to connect Wal-Mart's actions with those of a state actor. Thus, Plaintiff's 42 U.S.C. § 1983 claim is not plausible and therefore does not meet the required pleading standard.

C. *Civil Conspiracy*

As discussed in the previous section, Andrews's allegation of conspiracy in the context of his § 1983 claim was conclusory and lacked specific facts to support it. In the context of a stand-alone claim, it also lacks the required factual specificity.

Under Texas law, "civil conspiracy is a derivative tort. If a plaintiff fails to state a separate underlying claim on which the court may grant relief, then a claim for civil conspiracy necessarily fails." *Meadows v. Hartford Life Ins. Co*, 492 F.3d 634, 640 (5th Cir. 2007) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). Here, Andrews states only a bare civil conspiracy claim without stating a separate claim from which it could be derived. Additionally, because the Court is dismissing

the Equal Protection claim and the § 1983 claim, there is no underlying claim left in the complaint that could arguably make up the basis of the civil conspiracy claim. Thus, on the face of the complaint, there is no plausible claim for relief under a civil conspiracy theory.

### IV.

### CONCLUSION

For the reasons discussed above, Defendant Wal-Mart's Motion to Dismiss (doc. 7) is **GRANTED** in its entirety. Plaintiff Herschel V. Andrews, Jr.'s claims against Wal-Mart are hereby **DISMISSED WITH PREJUDICE.**


      **SO ORDERED.**

      **SIGNED: September 14, 2016**.

                             _____
                             JANE J. BOYLE
                             UNITED STATES DISTRICT JUDGE